859 P.2d 944

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Mike POOLE, Defendant–Respondent.**

**No. 19568.**

Supreme Court of Idaho,
Idaho Falls, April 1993 Term.

Aug. 3, 1993.

Rehearing Denied Oct. 15, 1993.

Larry EchoHawk, Atty. Gen., L. La Mont Anderson, Deputy Atty. Gen., Boise, for the appellant. L. La Mont Anderson argued.

Robert L. Crowley, Jr., Rigby, for respondent.

JOHNSON, Justice.

This is a criminal case in which the defendant was charged with lewd conduct with a minor. The primary issue presented is whether the trial court correctly dismissed the case on the ground that the defendant's rights under the Confrontation Clause would be violated by allowing the testimony of the alleged victim and a social worker. We conclude the trial court should not have dismissed the case on this ground. We vacate the order of dismissal and remand the case to the trial court for further proceedings.

# I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Michael Poole was charged with four counts of lewd conduct with his five-year-old step-daughter (the child). A social worker interviewed the child several times using anatomically correct dolls, but did not videotape the interviews.

The magistrate judge ruled that the child was competent to testify in the preliminary hearing, and the child testified. Following the preliminary hearing, the magistrate judge found probable cause and bound Poole over for trial.

Twelve days before trial, Poole received from the state a copy of a letter written by the social worker two weeks earlier. In the letter, the social worker reported that the child had told him that Poole did sexually abuse her and used the dolls to illustrate how Poole did so. Poole filed a motion to dismiss or, in the alternative, to vacate the trial under I.C.R. 16(i) and (j), based upon the state's late disclosures of the social worker's involvement in the case.

The trial court concluded that it could not determine from the record whether the background information for the social worker's report met the requirements of the Confrontation Clause. The trial court ordered the state to provide Poole with information pertaining to the social worker's interviews. Poole filed a motion in limine and took the social worker's deposition to determine what techniques the social worker used when interviewing the child.

The trial court conducted a hearing by telephone on the motion in limine and stated that it would not allow the child or the social worker to testify, because the interviews by the social worker failed to follow the formula necessary to satisfy the Confrontation Clause. In light of the prosecutor's remark that the child's testimony was necessary to meet the state's burden of proof, the trial court stated that it would dismiss the case.

On the morning the trial was scheduled to begin, the trial court ruled that the procedural safeguards mandated by the Confrontation Clause were not followed during the social worker's interviews with the child. The trial court stated that pursuant to the Confrontation Clause it would exclude the testimony of both the child and the social worker and ordered the case dismissed, because the state could not sustain its burden of proof without this testimony. The state appealed.

# II.

## THE TRIAL COURT INCORRECTLY DISMISSED THE CASE ON THE GROUND OF A CONFRONTATION CLAUSE VIOLATION.

The state asserts that the trial court incorrectly applied the Confrontation Clause in dismissing the case. We agree.

In its ruling, the trial court relied on *State v. Wright,* 116 Idaho 382, 775 P.2d 1224 (1989). Wright was convicted of lewd conduct with a child, based on testimony of a physician regarding statements made by a child. This Court reversed and held that the admission of the child's hearsay statements through the physician violated Wright's Confrontation Clause rights. The Court stated that the requirements under the Confrontation Clause were not met because the physician's testimony did not fall within any of the traditional exceptions to the hearsay rule and was brought into evidence as a result of an interview lacking procedural safeguards. The Court stated that the interview was not videotaped, that the physician used leading questions, and that the physician had a preconceived idea of what the child should be disclosing. *Id.* at 385, 775 P.2d at 1227.

The United States Supreme Court affirmed, but overruled a portion of the Confrontation Clause analysis. *Idaho v. Wright,* 497 U.S. 805, 818, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638, 654 (1990). The Supreme Court held that incriminating statements admissible under an exception to the hearsay rule are not admissible under the Confrontation Clause unless the

statement bears adequate indicia of reliability. *Id.* at 814–15, 110 S.Ct. at 3146, 111 L.Ed.2d at 652. In a later case, the Supreme Court held that the Confrontation Clause does not require that the declarant be unavailable. *White v. Illinois,* — U.S. —, —, 112 S.Ct. 736, 741, 116 L.Ed.2d 848, 857–58 (1992). In *Wright,* the Supreme Court stated that the reliability requirement can be met if the statement either falls within a firmly rooted hearsay exception or is supported by a showing of particularized guarantees of trustworthiness. *Wright,* 497 U.S. at 816–17, 110 S.Ct. at 3147, 111 L.Ed.2d at 653. The Supreme Court noted that Idaho's residual hearsay exception, I.R.E. 803(24), is not a firmly rooted hearsay exception for Confrontation Clause purposes. *Id.* In determining that particularized guarantees of trustworthiness were not shown, the Supreme Court said this Court incorrectly placed dispositive weight on the lack of procedural safeguards at the interview, because these safeguards may be inappropriate in determining whether a given statement is trustworthy. *Id.* at 818, 110 S.Ct. at 3148, 111 L.Ed.2d at 654. The Supreme Court said guarantees of trustworthiness must be shown from the totality of the circumstances that surround the making of the statement and render the declarant particularly worthy of belief. *Id.* at 819, 110 S.Ct. at 3148, 111 L.Ed.2d at 654–55.

### A. THE CHILD'S TESTIMONY.

The trial court appears to have excluded the child's testimony under its interpretation of the Confrontation Clause requirements. The trial court did not rule whether or not the child was competent under I.R.E. 601.

■ The parties cite no authority for the proposition that allowing the child to testify raises Confrontation Clause issues, nor does the record reveal any authority that supports the trial court's ruling. In *Wright,* the child was unavailable to testify and the issue was whether her doctor could testify regarding the child's statements. In this case, the child was available, unless the trial court determined that the child

was not competent to testify. The question of the purported tainting of the child's testimony is a question of competency, not a Confrontation Clause issue.

The admission of the child's testimony should be governed by general rules of competency, which define who is legally capable of testifying. "Every person is competent to be a witness ... [unless a court finds that a person is] incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." I.R.E. 601(a).

Although the common law at one time automatically disqualified children as competent witnesses, the trend of the law favors general competency. *State v. Iwakiri,* 106 Idaho 618, 622, 682 P.2d 571, 575 (1984). The *Iwakiri* Court refused to adopt a per se rule of rejecting hypnotically induced testimony and adopted a totality of the circumstances test and outlined several safeguards for the general guidance of trial courts. *Id.* at 625, 682 P.2d at 578. The Court recommended videotaping hypnotic sessions, but did not mandate it. *Id.*

In this case, the trial court did not make a finding whether the child was competent to testify under I.R.E. 601. Several of the trial court's statements, when read separately, do suggest that the trial court concluded that the child would not be able to relate the facts truly, as is required under I.R.E. 601. For example, the trial court stated during the status conference that "based on *State v. Wright,* et al, and based on these interviews that the evidence has been tainted." The trial court reached this conclusion, however, by applying its interpretation of the Confrontation Clause requirements. The trial court stated:

I'm talking about ... the protection of the defendant's constitutional rights. Specifically, the right to confront the evidence against him. And the case law seems to say, when you have a young child, these interviews—there is a formula you have got to use to conduct them. And, very frankly, this formula wasn't followed, or wasn't even close.

The trial court repeated this analysis in the hearing on the morning the trial was set to begin.

■ Poole argues on appeal that in addition to I.R.E. 601(a), the magistrate should have applied I.C. § 9–202(2), which provides that children under ten cannot be witnesses if they appear incapable of receiving just impressions of the facts or of relating them truly.

In *State v. Zimmerman*, 121 Idaho 971, 973, 829 P.2d 861, 863 (1992), the Court held that I.C. § 19–3024, which permits the admission of a child's out-of-court statement of physical or sexual abuse, is invalid to the extent that it attempts to prescribe admissibility of hearsay and is in conflict with I.R.E. 1102. The same is true of I.C. § 9–202(2).

### B. THE SOCIAL WORKER'S TESTIMONY.

The trial court also determined that *State v. Wright* required the social worker to follow a "formula" when the social worker conducted interviews with the child. In *Idaho v. Wright*, however, the Supreme Court rejected "the apparently dispositive weight placed by [the Idaho Supreme Court] on the lack of procedural safeguards at the interview." 497 U.S. at 818, 110 S.Ct. at 3148, 111 L.Ed.2d at 654.

■ It was not appropriate for the trial court to address the application of the Confrontation Clause to the testimony of the social worker until it determined that the social worker's testimony was admissible under an exception to the hearsay rule.

The only indication that the trial court may have determined that the social worker's testimony fit within I.R.E. 803(24) is its statement on the morning trial was scheduled to begin:

> Now, the problem is probably twofold. First, there's the possibility of the young witness's memory being tainted, if greatly enhanced, because of the lack of reviewability of the interviews. Secondly, the Confrontation Clause is violated— would be violated—in the event the [social worker's] inculpatory hearsay testimony were to be allowed, which did not fall within the traditional exceptions and which was brought into evidence as a result of an interview lacking procedural safeguards.

■ In determining whether the social worker's testimony fits within I.R.E. 803(24), the trial court should have employed the analysis set forth in *State v. Giles*, 115 Idaho 984, 772 P.2d 191 (1989):

> To be admissible under I.R.E. 803(24), the court must determine that (A) the statement has circumstantial guarantees of trustworthiness equivalent to those in Rules 803(1) to 803(23), (B) the statement is offered as evidence of a material fact, (C) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (D) the general purposes of the rules of evidence, and the interests of justice, will best be served by admission of the statement into evidence. Further, (E) a statement may not be admitted under I.R.E. 803(24) unless its proponent gives the adverse party adequate notice and information regarding use of the statement. Once these elements are met, the I.R.E. 803(24) exception is equally as valid as any other hearsay exception.

*Id.* at 986–87, 772 P.2d at 193–94 (quoting *State v. Hester*, 114 Idaho 688, 697, 760 P.2d 27, 36 (1988)).

We conclude that the trial court should not have dismissed the case on the grounds of the Confrontation Clause. There was no basis to exclude the child's testimony under the Confrontation Clause, although there may be an issue of the child's competency to testify. Before addressing the application of the Confrontation Clause to the testimony of the social worker, the trial court should have considered the admissibility of the social worker's testimony under any applicable exception to the hearsay rule.

Poole asserts that even if the trial court was incorrect in dismissing the case under the Confrontation Clause, the trial court should have dismissed pursuant to I.C.R.

16, because of the failure of the state properly and timely to provide discovery. The trial court did not rule on this question. Because our disposition of the primary issue presented requires a remand to the trial court for further proceedings, we decline Poole's invitation to address this alternative grounds for dismissal.

## III.

## CONCLUSION.

We vacate the trial court's dismissal of the case and remand for further proceedings.

McDEVITT, C.J., BISTLINE, TROUT and SILAK, JJ., concur.